United States District Court
Southern District of Texas
**ENTERED**
November 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER FOUNTAIN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-1789 |
| | § | |
| CAWLEY & BERGMANN LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Roger Fountain sued Cawley & Bergmann, LLC, a debt collection firm, alleging that a single call from Cawley & Bergman to Fountain's cell phone violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Texas Telemarketing Disclosure and Privacy Act, TEX. BUS. & COM. CODE § 304.001, *et seq.* Fountain is representing himself. He has had filed five similar suits in this district. All were dismissed. Cawley & Bergmann has moved for summary judgment. (Docket Entry No. 17). Fountain failed to respond to the motion. Based on careful consideration of the motion and record, the court grants the motion for summary judgment. The reasons are set out below.

**I.     The Legal Standards**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021)

(quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**II.     Analysis**

The Telephone Consumer Protection Act prohibits persons from making calls, without the called party's consent, "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).  Cawley & Bergmann has submitted competent summary judgment evidence that the single call placed to Fountain was not made with an automatic telephone dialing system because it required a human to place the call.  Cawley & Bergmann attests that it used a LiveVox manual system, which courts have held uses a human-initiated calling technology and is not an automatic telephone dialing system.  *See, e.g.*, *Pozo v. Stellar Recovery Collection Agency, Inc.*, 2016 LEXIS 146432 (M.D. Fla. Sept. 2, 2016); *Collings v. Nat'l Student Loan Program*, 360 F. Supp. 3d 238 (D.N.J. 2018).  Similar dialing methods that require human intervention to place the calls are not considered automatic telephone dialing systems.  *See Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1310–11 (S.D. Fla. 2016).

Cawley & Bergmann's evidence shows that the single call placed to Fountain's cell phone was placed in error, but not by an automatic telephone dialing system.  *See* Decl. of Alison N. Emery, CEO for Cawley & Bergmann, (Docket Entry No. 17-1).  An agent of Cawley & Bergmann placed the call using LiveVox, a human-initiated dialing system.  The agent manually dialed Fountain's cell phone number.  Fountain called another agent to complain.  After investigation, Cawley & Bergmann determined that the number was incorrectly dialed, and this was the only call to Fountain's cell phone.  Cawley & Bergmann is entitled to summary judgment on the Telephone Consumer Protection Act claims.

Fountain's claims under the Texas Telemarketing Disclosure and Privacy Act fare no better.  The Act applies only to "telemarketing calls," which is a defined term.  TEX. BUS. & COM.

CODE § 304.002(9).  The covered calls are those placed to: "(A) solicit a sale of a consumer good or service; (B) solicit an extension of credit for a consumer good or service; or (C) obtain information that may be used to solicit a sale of a consumer good or service or to extend credit for the sale." *Id.*

The undisputed summary judgment evidence is that Cawley & Bergmann placed a call to Fountain's number in order to collect a debt, based on an incorrect belief that his phone number was that of a third party who had a Cawley & Bergmann account.  Because the call was not placed for prohibited purposes, it does not violate the Texas statute.  Summary judgment is granted as to Fountains's claims under the Texas Telemarketing Disclosure and Privacy Act.

Although Fountain has repeatedly filed similar cases, without success, the court will not impose a monetary sanction at this time.  Fountain is, however, warned that continued similar filings will be precluded unless he first obtains the permission of the chief judge or his or her designee to file the lawsuit.  Fountain is also warned that sanctions, including monetary sanctions, may be imposed.

### III. Conclusion

Cawley & Bergmann's motion for summary judgment (Docket Entry No. 17) is granted.  Final judgment will be entered separately.  Fountain must pay all taxable costs.

SIGNED on November 7, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief   United   States   District   Judge

4